IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARDAR PAYE,<br>    Petitioner, | : | 1:09-cv-01589 |
| v. | : | (Chief Judge Kane) |
| JANET NAPOLITANO, Secretary of the<br>Department of Homeland Security,<br>MICHAEL AYTES, Deputy Director of U.S.<br>Citizenship and Immigration Services,<br>DONALD MONICA, District Director,<br>U.S. Citizenship and Immigration Services,<br>EVANGELIA KLAPAKIS, Field Office<br>Director, U.S. Citizenship and Immigration<br>Services, ROBERT GATES, Secretary of<br>the Department of Defense, and ERIC<br>SHINSEKI, Secretary of the Department of<br>Veterans Affairs<br>    Respondents | : | |

## MEMORANDUM

Before the Court is Petitioner Dardar Paye's "Amended Petition for Determination of Citizenship by Derivation; to Adjudicate a Naturalization Application, and for Determination of Non Citizen National Status." (Doc. No. 25.) Respondents have filed two separate motions to dismiss. (Doc. Nos. 26, 42.) Both motions seek dismissal of the petition for want of subject matter jurisdiction. For the reasons that follow, the Court will grant the motions.

**I.  BACKGROUND**

Petitioner Dardar Paye was born in Liberia on January 7, 1978. (Doc. No. 25 ¶ 10.) He lawfully entered the United States with his mother on July 6, 1991, at the age of thirteen. (Id. ¶ 10.) Paye's mother became a naturalized United States citizen on October 25, 1994. (Id. ¶ 12.) In 1995, when Paye was seventeen, his mother submitted an I-130 alien relative petition and an I-485 application for lawful permanent residence on Paye's behalf. (Id. ¶¶ 12, 14.) Though the I-

485 petition was granted on March 15, 1996, Paye was over the age of eighteen by that time, which prevented him from becoming a citizen through derivation. (Id. ¶¶ 17, 19.)

Paye enlisted in the United States Army on May 21, 1998. (Id. ¶ 25(a).) Paye served honorably, including two overseas deployments, received multiple service medals, and was honorably discharged. (Id. ¶¶ 27-29.) Following his service in the United States Army, Paye joined the New Jersey National Guard and Army Reserves, from which he was also honorably discharged on October 11, 2002. (Id. ¶ 29.) Paye was never informed of his right under Immigration and Naturalization Act ("INA") § 328 to naturalize within six months of completion of his service in the army. (Id. ¶ 30.)

On August 27, 2004, Paye was convicted and sentenced in federal court to 41 months imprisonment for using false records in a gun transaction, unlicensed dealing in firearms, and traveling for the purpose of unlicensed dealing in firearms. (Doc. No. 30 ¶¶ 3-4.) In 2005, Paye was sentenced to three years imprisonment in New Jersey state court for possession of marijuana with intent to distribute within 500 feet of a public park. (Id. ¶¶ 5-6.)

On October 6, 2005, the United States Citizenship and Immigration Services ("USCIS") issued a Notice to Appear, placing Paye in removal proceedings. (Id. ¶ 8.) During his removal proceedings, in May 2008, Paye filed an N-400 application for naturalization, but Paye's application was denied on December 8, 2008, due to his past criminal convictions. (Doc. No. 25 ¶¶ 31-32.) On June 12, 2008, also during the removal proceedings, Paye filed an N-600 application for citizenship with the USCIS, but the petition was denied on September 10, 2008. Paye appealed the decision, but the decision was affirmed on March 18, 2009. (Id. ¶¶ 20-22.)

Paye appealed the USCIS decisions to the Third Circuit Court of Appeals; however, the briefing schedule in that matter has been stayed pending resolution of this action. (Doc. No. 30 ¶ 63.)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, Plaintiff bears the burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891.

## III.     DISCUSSION

Paye argues that the Court should find that he is a naturalized citizen for one of three reasons: 1) though he was eligible for and filed for lawful permanent resident status prior to his

eighteenth birthday, the Immigration and Nationality Service ("INS")[1] did not grant the application until after Paye obtained the age of majority, preventing him from obtaining derivative citizenship through his mother; 2) he is entitled to citizenship pursuant to INA § 328 because he honorably served in the army and was never told that he must file for citizenship within six months of discharge; and 3) he served overseas in the army, pledging allegiance to the United States and thus became a national. Respondents Napolitano, Aytes, Monica, and Klapakis argue that the Court does not have jurisdiction to determine Paye's citizenship claims and must dismiss the case. Alternatively, Respondents argue that summary judgment on the citizenship should be granted in their favor because Paye is not entitled to citizenship even upon consideration of the above arguments. Respondents Gates and Shinseki filed a separate motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, the Court agrees with Respondents that it lacks subject matter jurisdiction to consider Paye's claims.

### A.     Jurisdiction Under 8 U.S.C. § 1503(a)

Respondents first argue that the Court lacks jurisdiction over the petition because Paye initially brought his claim for citizenship during removal proceedings. In support of this argument, Respondents point to 8 U.S.C. § 1503(a), though Paye does not mention this statute as a basis for jurisdiction in his petition. Section 1503(a) allows a petitioner to seek a judicial declaration of citizenship in federal court if his or her declaration of citizenship has been denied. 8 U.S.C. § 1503(a). Yet, that statute also expressly divests federal courts of jurisdiction over petitions for citizenship that "arose by reason of, or in connection with any removal proceeding

---

[1] At the time Paye filed his application for permanent resident status, the organization charged with determining such applications was known as the INS. The organization has been renamed and is now called the United States Citizenship and Immigration Service ("USCIS").

under the provisions of this or any other act." 8 U.S.C. § 1503(a)(1). The exclusion was intended to prevent litigants from using federal courts as "tools to frustrate and interfere with removal proceedings." Rios-Valenzuela v. Dep't of Homeland Security, 506 F.3d 393, 399 (5th Cir. 2007) (dismissing petition for declaration of citizenship brought pursuant to § 1503(a) because entitlement to citizenship was raised as a defense to removal proceedings); see also Ortega v. Holder, 592 F.3d 738, 743 (7th Cir. 2010) ("Taken together, the exceptions set forth in subsections (a)(2) and (a)(1) are designed to protect removal proceedings from judicial interference and preserve 8 U.S.C. § 1252 as the exclusive means of challenging a final order of removal."). Because the facts and pleadings indicate that Paye's citizenship claims "arose in connection with" his removal proceedings, § 1503(a)(1) dictates that the Court does not have subject matter jurisdiction over his petition.

Paye admits that he filed his petition for citizenship in this Court only after he raised the defense of citizenship in the context of his removal proceedings. (Doc. No. 36 at 17.) There can be no doubt, then, that Paye's citizenship claim arose by reason of, or in connection with, his removal proceeding. Paye's argument that his citizenship claims did not arise "in connection with" or "by reason of" his removal proceedings because the claims "vested" prior to the commencement of the removal proceedings is meritless. First, § 1503(a) does not use the term "vest," nor does it suggest that the date at which a petitioner believes he was entitled to citizenship should be used as a reference point. Second, nearly every prospective citizenship claim that could be raised in the context of removal proceedings would have vested prior to the removal proceedings, rendering the statutory exclusion useless. Simply put, Paye's theory would

5

render both the plain wording of the statute and the Congressional intent underlying the statute nugatory.

Paye had two avenues of pursuing his citizenship claims. He chose the option of raising his claims for citizenship in the context of removal proceedings. Therefore, he must pursue his citizenship claims entirely through that method prior to independently raising those claims in this Court. See Ortega, 592 F.3d at 743-44 ("[I]f the question of nationality first arises in the context of a removal proceeding, the person must pursue his claims through those proceedings, culminating either with a declaration or denial of nationality.")[2]; see also Chau v. INS, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001) ("[O]nce removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States."). Yet, that does not end the matter because Petitioner seeks to avoid § 1503(a)'s jurisdictional bar by bringing this action pursuant to the Administrative Procedures Act ("APA") and the Mandamus Act.[3]

---

[2] In Ortega, the Seventh Circuit Court of Appeals agreed with the Fifth Circuit Court of Appeals's interpretation of § 1503(a) in Rios-Valenzuela, but nonetheless reversed the district court's dismissal for lack of jurisdiction. Ortega, 592 F.3d at 744. Unlike the case here, in Ortega, the petitioner was "in legal limbo," having been found a citizen for purposes of removal proceedings but denied citizenship through her N-600 application. Id. at 746-47.

[3] Petitioner also at one point asserts 8 U.S.C. § 1421(c) as a basis for jurisdiction. Title 8 U.S.C. § 1421(c) states that "a person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5." 8 U.S.C. § 1421(c). This statute does not apply because Paye admits that he has not yet had a hearing before an immigration officer with respect to his naturalization application, and the express words of the statute only provide for federal jurisdiction once a hearing has occurred. (Doc. No. 25 ¶ 33.)

At another point, Petitioner relies on 28 U.S.C. § 2201, the Declaratory Judgment Act, as an alternative basis for jurisdiction, though he does not refer to that statute as a basis for jurisdiction anywhere in his amended complaint. (Doc. No. 36 at 16.) Assuming Petitioner does

B.     **Jurisdiction Under the APA or Mandamus Act**

First, the Court notes that the APA is not an independent basis for jurisdiction; its application in this case, then, requires federal question jurisdiction to exist under 28 U.S.C. § 1331, the federal question statute. See Califano v. Sanders, 430 U.S. 99, 107 (1977) ("We thus conclude that the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."). Assuming a federal question exists, the APA entitles "a person suffering legal wrong because of agency action . . . to judicial review thereof," provided that the agency action complained of is non-discretionary. 5 U.S.C. §§ 701(a)(1) & 702; see also Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) ("[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."). Similarly, the Mandamus Act provides jurisdiction for federal courts to review non-discretionary agency actions. 28 U.S.C. § 1361. Thus the two statutes are often seen as coextensive, and will be considered in tandem here. See Palamarachouk, 568 F. Supp. 2d at 466. The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is, however, an extraordinary remedy, available only if the party "has exhausted all other avenues of relief and only if the defendant owes him a clear, non-discretionary duty." Harmon Cove Condo. Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Heckler

---

intend to allege jurisdiction pursuant to the Declaratory Judgment Act, this claim fails. The Declaratory Judgment Act does not create or grant jurisdiction, it merely grants federal courts the authority to render declaratory relief. 28 U.S.C. § 2201 et seq.; Palamarachouk v. Chertoff, 568 F. Supp. 2d 460 (D. Del. 2008).

v. Ringer, 466 U.S. 602, 616 (1984)). Mandamus relief may not be used as a substitute for the regular appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

To determine whether the APA and Mandamus Act grant the Court jurisdiction over Paye's claims, the Court must begin by identifying the wrongs allegedly committed. If the wrongful actions were discretionary, the Court has no jurisdiction over the claims under the APA or Mandamus Act. See, e.g., Ibrahim v. Chertoff, 529 F. Supp. 2d 611 (E.D.N.C. 2007) (dismissing case for lack of subject matter jurisdiction under the Declaratory Judgment Act, APA, and Mandamus Act where the plaintiff failed to plead he was deprived of a clear right to relief from a non-discretionary agency act).

Looking first at whether Respondents had a clear non-discretionary duty to grant Paye's naturalization or citizenship claim, it is clear they did not. Paye does not dispute that he failed to meet the statutory requirements under INA § 321 to be entitled to citizenship through derivation because he was not deemed a lawful permanent resident prior to his eighteenth birthday. (Doc. No. 25 ¶¶ 17-19.) Though he argues that the INS unreasonably delayed his application for permanent residency, he does not point to any statute mandating that the application be processed prior to an applicant's eighteenth birthday or on a more expedient basis.

With respect to his argument that his military service mandates that he be deemed a naturalized citizen pursuant to INA § 328, Paye also fails to indicate a non-discretionary agency duty that was not provided to him. INA § 328 provides that "a person who has served honorably at any time in the armed forces of the United States for a period or periods aggregating one year . . . may be naturalized . . . if such application is filed while the applicant is still in the service or within six months after the termination of such service." 8 U.S.C. § 1439. Paye admits that he

8

did not move to be naturalized through his service with the United States Army until May 2008, over six years after his honorable discharge. (Doc. No. 25 ¶¶ 29-31.) Nothing in the statute, or any other statute referred to in Paye's petition, indicates a non-discretionary duty to inform him of this statute or the six-month period after discharge during which he could have attained citizenship.

Turning to Paye's final claim, that the oath of allegiance he pledged to the United States during his military service qualifies him as a national, Paye appears to seek direct action from the Court, rather than a review of agency action. Paye does not indicate how this claim seeks review of an agency determination that such oath was insufficient to bestow "national" status upon him, nor does he assert any unlawful agency action whatsoever with respect to this claim. Without the allegation of an unlawful non-discretionary agency action in his pleading, the Court cannot find that the Mandamus Act or the APA provide a jurisdictional basis for Paye's claims.

Last, the Court notes that, to the extent Paye is challenging the Immigration Judge's finding that he is not a citizen, another avenue to relief exists, further preventing application of the Mandamus Act. See Harmon-Cove, 815 F.2d 951 (finding that mandamus is only available if no other avenue to relief exists). Petitioner can, and concurrently is, challenging the Immigration Judge's decision as to his citizenship status before the Third Circuit Court of Appeals.

Accordingly, the Court finds that Paye's petition must be dismissed for lack of subject matter jurisdiction. This Court lacks jurisdiction under 8 U.S.C. § 1503(a) to review his denial of citizenship because the claim arose out of his removal proceedings, and the Court lacks jurisdiction under the Administrative Procedures Act and the Mandamus Act because Paye has

failed to plead a non-discretionary duty owed to him by Respondents. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARDAR PAYE,** | : | |
|     Petitioner | : | 1:09-cv-01589 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **JANET NAPOLITANO, <u>et</u> <u>al.</u>,** | : | |
|     Respondents | : | |

## ORDER

**AND NOW**, on this 9th day of December 2010, upon consideration of Petitioner's amended petition for citizenship (Doc. No. 25) and Respondents' motions to dismiss for lack of jurisdiction (Doc. Nos. 26, 42), **IT IS HEREBY ORDERED THAT** the motions are **GRANTED** and the petition is **DISMISSED** for lack of jurisdiction**.** The Clerk of Court is directed to close the case.

                                                           S/ Yvette Kane
                                                       Yvette Kane, Chief Judge
                                                       United States District Court
                                                       Middle District of Pennsylvania